IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BELINDA HENSON**

    Plaintiff,

v.

**HORIZON HEALTH SERVICES, INC.**

    Defendants.

Civil No. **PJM-20-3326**

## MEMORANDUM OPINION

Plaintiff Belinda Henson ("Henson") alleges that Horizon Health Services, Inc. ("Horizon"), a home health care provider, violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, when it purportedly failed to hire her due to her age. ECF No. 23. Pending before the Court is Henson's Motion for Default Judgment. For the reasons that follow, the Motion is **GRANTED IN PART** but as to liability only. It is **DENIED IN PART**, without prejudice, as to damages, to allow for further evidence from the parties.

### I.   BACKGROUND

Henson alleges that when she sought employment with Horizon, Horizon discriminated against her on the basis of her age. ECF No. 23 ¶ 39. Specifically, she alleges that, in a call to Horizon on or about March 9, 2018 to confirm her scheduled interview, she was told that the company was seeking someone younger and her interview was cancelled. *Id.* ¶ 13–15.

Henson, acting pro se, filed this suit against Horizon on November 24, 2020. ECF No. 1. On March 31, 2021, Horizon's Program Director filed a letter with the Court stating that Horizon's Administrator, Cynthia Oshodi, was the only person who could possibly answer

1

questions about the case but that she would be out of town until May. *Id.* The Court ordered Horizon to file a formal written response. ECF No. 12. Horizon, a corporation, did not respond through counsel, as required by Local Rule 1.1(a) ("All parties other than individuals must be represented by counsel."). On May 5, 2021, Horizon, but only through Oshodi, filed an Answer. ECF No. 13. Oshodi denied the allegations in the Complaint, stating that Horizon never engaged Henson in employment discussions and in fact had several employees of varying ages. *Id.* Following the filing of Oshodi's Answer, Henson asked the Court to appoint her pro bono counsel. ECF Nos. 14, 15. The Court appointed pro bono counsel for Horizon and Henson. ECF Nos. 17, 19.

On December 17, 2021, appointed counsel for Horizon, Max Bernas, Esquire, notified the Court that he had been unable to reach Oshodi or anyone else at Horizon. The Court then sent a letter to Oshodi, advising her of Horizon's appointed pro bono counsel and requesting that she communicate right away with Bernas, ECF No. 20. Oshodi never did so. Henson, through her appointed counsel, then amended her Complaint. ECF No. 23. On January 26, 2022, the Court issued another Letter Order to Horizon, warning it that Henson might seek default judgment against it if Horizon failed to act.

On February 7, 2022, Bernas filed an Answer to the Amended Complaint on behalf of Horizon, ECF No. 25, but then moved to withdraw as counsel due to his continued inability to reach anyone at Horizon. ECF No. 26. Given his multiple attempts at contact, the Court granted Bernas's motion. ECF No. 29. In the Memorandum Order that was sent to Oshodi, the Court outlined the various attempts by both Bernas and the Court to encourage Horizon to defend itself. *Id.* The Court also directed Horizon to retain new counsel pursuant to Local Rule 1.1(a). *Id.* The Court still heard nothing from Horizon nor Oshodi.

On March 3, 2022, Henson moved the Clerk for entry of default against Horizon. ECF No. 30. On April 6, 2022, the Clerk entered default and sent a notice of same to Horizon. ECF Nos. 21, 32. On June 17, 2022, Henson moved for default judgment. ECF No. 33. On June 29, 2022, Oshodi, presumably on behalf of Horizon, filed a response. ECF No. 34. This was the first communication received by the Court from anyone at Horizon since May 2021. In her response, Oshodi said she did not receive any correspondence regarding this case after May 2021 because Horizon's office had been closed due to the covid-19 pandemic. *Id.* at 1. She further alleged that she did not hear from any lawyer regarding the case after May or June 2021 and that she did not receive any notification that the litigation was in progress. *Id.* at 1–2.

On July 8, 2022, Henson replied that Oshodi's statement she had not received correspondence about the case after May 2021 was false for three reasons. First, none of the letters sent by the Court to Horizon between November 2021 and February 2022 were returned as undeliverable. ECF No. 35 at 3. Second, Henson's Motion for Entry of Default was successfully delivered via priority mail to Horizon. *Id.* Third, Bernas left four phone messages with Horizon's receptionist and sent two letters by certified mail to Horizon that were successfully delivered. *Id.* at 4.

## II. DISCUSSION

### A. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party. Fed. R.

Civ. P. 55(b)(2). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip, Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), default judgment may be appropriate where the "adversary process has been halted because of an essentially unresponsive party," *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In deciding whether to render default judgment, "the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Optimum Welding*, 285 F.R.D. at 373 (citing *Lawbaugh*, 359 F. Supp. 2d at 421). If liability is established, the court must then independently determine the appropriate amount of damages through a hearing, detailed affidavits, or other documentary evidence. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); *Optimum Welding*, 285 F.R.D. at 374.

Although Oshodi did respond to the Motion at issue, by letter dated June 27, 2022 (ECF No. 34), the Court considers Horizon to be an "essentially unresponsive party" because it has consistently failed to participate in this litigation, despite multiple warnings from the Court, for more than a year, and despite having been appointed pro bono counsel. Oshodi claims she never received communications from the Court or Bernas after May 2021. ECF No. 34. The court rejects this contention. Communications and attempts at contact from both the Court and Bernas were sent to the same mailing address as listed in Henson's Motion, which Oshodi's response indicates she did in fact receive. Many of these communications were sent via Priority or certified mail, and none were designated undeliverable or returned. Further, Horizon has remained unrepresented in

4

violation of Local Rule 1.1(a) for more than six months despite the Court's warnings. Although the Court does not take such a step lightly, Horizon's unremitting silence and noncompliance with the Local Rules render it an "essentially unresponsive party" whose failure to engage has caused the "adversary process" to be "halted," *Lawbaugh*, 359 F. Supp. 2d at 421.

### B. Liability

Under the ADEA, it is unlawful for an employer to decline to hire an individual because of his or her age, 29 U.S.C. § 623(a)(1). A plaintiff must prove four elements in order to prevail in an age discrimination claim: (1) plaintiff was a member of a protected class, *i.e.*, over the age of 40; (2) defendant had an open position for which plaintiff applied and was qualified; (3) plaintiff was rejected despite his or her qualifications; and (4) the position remained open or was filled by a similarly qualified applicant who was substantially younger than plaintiff. *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

Taking Henson's factual allegations as true, as required on a motion for default judgment, the Court finds that she has established Horizon's liability for age discrimination.

First, she was a member of a protected class because she was 45 years old when she applied to work at Horizon. ECF No. 23 at ¶ 38.

Second, she applied for an open position at Horizon for which she was qualified (she claimed over twenty years of experience in administrative work). *Id.* at ¶ 10, 41.

Third, Horizon rejected Henson's application on the basis of her age. *Id.* at ¶ 39. According to the Amended Complaint, Horizon scheduled Henson for an interview after receiving her application. *Id.* at ¶ 11. When Henson called Horizon to confirm her interview, the individual who answered the phone and identified herself as "Kim" asked Henson for her age. *Id.* at ¶ 13. When Henson protested, "Kim" stated that "the director [was] looking to hire someone in their

5

20's or 30's for [the] position." *Id.* Henson responded that she was in her "40's" and asked for the name of "Kim's" manager. *Id.* "Kim" refused to provide that information and "abruptly ended the call." *Id.* Over the next few days, Henson attempted to reschedule her interview with Horizon, but the various individuals with whom she spoke declined to put anything on the calendar. *Id.* at ¶ 14–15.

Fourth, Horizon continued to advertise for similar staff positions after it rejected Henson's application. ECF No. 33-1 at 18.

Therefore, accepting these allegations as true, Henson has established Horizon's liability for age discrimination. Therefore, the Court will grant default judgment against Horizon.

**C. Damages**

As Henson has established Horizon's liability, the Court must now independently determine the appropriate amount of damages. *Agora Fin., LLC*, 725 F. Supp. 2d at 494; *Optimum Welding*, 285 F.R.D. at 374. Henson requests a total of $160,000 in damages in her Motion ($80,000 in back pay and $80,000 in liquidated damages). At this stage of the proceedings, this is an entirely unproven, speculative amount. This is not a liquidated amount, as would be the case with an unpaid promissory note. It is only a number that Henson apparently has in mind. The Court is not prepared to simply accept that number as appropriate. In a separate hearing to be set, Henson will be obliged to prove, in accordance with such damages as employment discrimination law recognizes, that she is entitled to anything more than nominal damages. Horizon, but only through counsel, may appear at the hearing and contest the damages Henson claims. Should Horizon fail to appear, the damages hearing will go forward regardless.

### III. CONCLUSION

For the foregoing reasons, the Motion for Default Judgment, ECF No. 33, is **GRANTED**

**IN PART**, but as to Horizon's liability only. It is **DENIED IN PART**, without prejudice, as to damages. Default judgment is entered against Horizon and a hearing on damages will be set.

A separate Order will **ISSUE**.

August 16, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE